UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YULDEKA E. PEREZ & MARITZA A. CORTES,
on behalf of themselves and of all other similarly
situated persons,

                              Plaintiffs,

             - against -

ISABELLA GERIATRIC CENTER, INC.,

                             Defendants.

MEMORANDUM
OPINION & ORDER

13-CV-07453 (RA) (RLE)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-1-14

**THE HONORABLE RONALD L. ELLIS, United States Magistrate Judge:**

On October 22, 2013, Yuldeka Perez and Maritza Cortes (collectively, "Plaintiffs") filed a Complaint, alleging that Isabella Geriatric Center, Inc. ("Isabella" or "Defendant") violated provisions of the Fair Labor Standards Act ("FLSA" or the "Act") and New York Labor Law ("NYLL"). Specifically, Plaintiffs, who worked for Isabella as Certified Nurse's Aides / Assistants ("CNAs"), allege that Isabella failed to pay them and other similarly situated CNAs required overtime compensation for time worked outside of their scheduled hours and in excess of forty hours per week. On April 4, 2014, United States District Judge Ronnie Abrams referred the case to the undersigned for general pretrial purposes. (Doc. No. 21.)

Before the Court are Plaintiffs' motions: (1) to conditionally certify this action as a representative collective action pursuant to 29 U.S.C. § 216(b); (2) to facilitate notice of this collective action to all CNAs employed by Isabella at any time from October 22, 2007, until present (the "Covered Employees"); (3) for approval of the proposed Notice of this action and Consent to Sue form; (4) to order Isabella to post the proposed Notice and to place a stack of Consent to Sue forms in locations that are accessible and visible to the Covered Employees; and (5) to order Isabella to produce within ten days a computer readable data file containing the

names, last known addresses, home and cellular phone numbers, email addresses, and Social Security numbers of all Covered Employees. (Doc. No. 26). Defendant opposes Plaintiffs' motions. The Court held a telephone conference on June 24, 2014, to resolve the disputes.

For the reasons explained in detail during the June 24 telephone conference, the Court finds that Plaintiffs have met the "modest factual showing" necessary for conditional certification, *see Weng Long Liu v. Rong Sing, Inc.*, No. 12-CV-7136 (TPG), 2014 WL 1244676, at *1 (S.D.N.Y. Mar. 26, 2014), because they have shown there are potentially "similarly situated employees" to the named Plaintiffs. 29 U.S.C. § 216(b). The Court therefore **GRANTS** the motion for conditional collective action. The Court further finds that the proposed Notice is fair and accurate, and **ORDERS** that it be distributed to all CNAs employed by Isabella on or after October 22, 2007. Finally, the Court **ORDERS** Defendants to provide Plaintiffs with a computer readable data file containing the names, last known addresses, home and cellular phone numbers, email addresses, and Social Security numbers of all Covered Employees, with the understanding that Plaintiffs agree to a strict confidentiality order restricting the use of Social Security numbers to address searches only.

**SO ORDERED.**

**Dated: July 1, 2014
New York, New York**

*(signature)*

**The Honorable Ronald L. Ellis
United States Magistrate Judge**