UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------
YULDEKA E. PEREZ, et al.,

                Plaintiffs,

        - against -

ISABELLA GERIATRIC CENTER, Inc.,

                Defendant.
--------------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-9-16

REPORT AND
RECOMMENDATION

13-CV-7453 (RA) (RLE)

TO THE HONORABLE RONNIE ABRAMS, U.S.D.J.:

## I. INTRODUCTION

Plaintiffs Yuldeka Perez and Maritza Cortes initiated this action on October 22, 2013, alleging that Defendant Isabella Geriatric Center, Inc. ("Isabella"), violated provisions of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Specifically, Plaintiffs, who worked for Isabella as Certified Nursing Aides or Assistants ("CNAs"), allege that Isabella failed to pay them and other similarly situated CNAs required overtime compensation for time worked outside of their scheduled hours and in excess of forty hours per week. On June 24, 2014, the Court granted Plaintiffs' motion to conditionally certify this action as a representative collective action pursuant to 29 U.S.C. § 216(b). Before the Court is Defendant's motion to dismiss with prejudice the claims of two opt-in Plaintiffs, Elizabeth Fenton ("Fenton") and Dianne Cox ("Cox"), pursuant to Fed. R. Civ. P. 37(d.), alleging that they have failed to comply with discovery. (Doc. No. 105.) For the reasons that follow, I recommend that Isabella's motion to dismiss be **DENIED**.

## II. BACKGROUND

### A. History of Relevant Discovery Disputes

After the Court granted conditional certification, forty-six CNAs opted in to the action. (*See* Doc. No. 114 at 7.) Isabella propounded interrogatories on or about June 13, 2014. (Doc. No. 106, Ex. C.) On March 16, 2015, Isabella requested a pre-motion conference to file a motion to dismiss Plaintiffs who had not responded to discovery requests or appeared for depositions. (Doc. No. 69.) In the alternative, Isabella sought an order compelling "written discovery from all Plaintiffs and depositions of" twenty-nine opt-in Plaintiffs. As of the date of the letter, Isabella alleged that only three Plaintiffs had responded to the written discovery requests. (*Id.*) Isabella alleged that although it had noticed the depositions of thirty Plaintiffs, only seven had been produced. (*Id.*) At a conference before the undersigned on April 6, 2015, the Court noted that "the individual plaintiffs are required to provide discovery to the extent that they have any...written documents or any other items...relevant to the claims in the case." (Transcript of April 6, 2015 Hearing at 14.) The Court ordered "the party who is responding to discovery [to] make appropriate efforts to get the information." (*Id.* at 14-15.) The Parties were further ordered to meet and confer on the number of Plaintiffs who would be deposed, and, if they could not agree on a number, write to the Court with their respective positions. (*Id.* at 13.)

On April 13, 2015, Plaintiffs filed a motion for a protective order limiting Isabella to an additional six Plaintiff depositions, for a total of thirteen depositions of named and opt-in Plaintiffs. (Doc. No. 79.) Isabella proposed deposing twenty-four additional Plaintiffs, for a total of twenty-seven, and submitted a letter for review *in camera* explaining their reasons for selecting each of the proposed deponents. (*See* Doc. No. 80.) On April 21, 2015, after considering the Parties' arguments, the Court limited Isabella to an additional ten Plaintiffs'

2

depositions, but did not make any specific orders as to which Plaintiffs were to be deposed. (Doc. No. 83.) The Court ordered the Parties to complete discovery by June 22, 2015. (*Id.*) On June 11, 2015, the discovery deadline was extended to July 13, 2015, to accommodate the Parties' difficulties scheduling five of the ten additional depositions, and the need to make substitutions because of the unavailability of some opt-ins. (Doc. No. 84.) The discovery deadline was extended a final time, to July 24, 2015, to accommodate the scheduling of the tenth additional deposition. (Doc. No. 87.) After the close of discovery, the Parties stipulated to the dismissal without prejudice of nine opt-in Plaintiffs. (Doc. No. 104.)

## B. Elizabeth Fenton

Opt-in Plaintiff Elizabeth Fenton consented to join the action on August 2, 2014. (Doc. No. 106, Ex. B.) On June 29, 2015, Isabella asked to depose Fenton as one of three proposed "alternate" deponents during the final weeks of discovery. (Doc. No. 106, Ex. E.) In response, Plaintiffs' counsel told Isabella that the firm was having trouble contacting "the remaining requested deponents." (Doc. No. 106, Ex. F.) "Moreover," one of the proposed alternates "only worked at Isabella for one day and another, Elizabeth Fenton, only worked at Isabella for two weeks and therefore their claims would be worth far less than the amount of time that they would have to spend if we were able to reach them and they agreed to be deposed." (*Id.*)

In a sworn declaration, Plaintiffs' counsel further explains that after Fenton signed the consent form, she attempted to contact her on "numerous occasions" by telephone and mail. (Doc. No. 124-1 at ¶¶ 4-6.) Fenton's "[answering] machine [was] not set up to accept messages" and a letter was returned as not deliverable by the U.S. Postal Service. (*Id.* At ¶¶ 4-5.) On July 28, 2015, "after almost daily telephone calls," a legal assistant at Plaintiffs' law firm reached a person at the telephone number that Fenton provided with her consent to join. (*Id.* at ¶ 7.) The

3

person stated that Fenton is in the country of Jamaica in order to care for her sick father, and the person did not have a phone number for Fenton in Jamaica. (*Id.* At ¶¶ 7-8.) Fenton was not produced for deposition and failed to respond to Isabella's document requests or interrogatories. (Doc. No. 107 at 2.)

## C. Dianne Cox

Cox signed a consent form on August 25, 2014. (Doc. No. 106, Ex. A.) Plaintiffs' counsel attests that after Cox joined, she advised counsel that she had worked for Isabella for more than twenty years and left employment when she became sick with cancer in 2013. (Doc. 124-1 at ¶¶ 10-12.) After a period in which counsel was unable to contact Cox, on August 19, 2015, counsel was able to speak to her on the telephone for approximately two minutes. (*Id.* at ¶¶ 13-15.) Cox told counsel that she was undergoing chemotherapy treatments and that, although Cox wanted to participate in discovery, "it was impossible for her to [comply with Defendants' discovery demands] at that time because she was so sick." (*Id.* at ¶ 17.) During that conversation she was unable to orally respond to Isabella's interrogatories. (*Id.* at ¶ 18.) When counsel reached Cox again on October 28, 2015, Cox stated that she could not talk because she was being taken to chemotherapy. (*Id.* at ¶ 19.) Cox did not respond to Isabella's interrogatories or request for documents and was not deposed, although the record does not indicate that Cox's deposition was ever noticed. (Doc. No. 107 at 2.)

### III. DISCUSSION

### A. Standard for Dismissal under Federal Rule of Civil Procedure 37(d)

When a party to an action fails to attend its own deposition, serve answers to interrogatories, or respond to requests for inspection, Rule 37(d) grants the Court discretion to impose sanctions, including dismissal of the action. Fed. R. Civ. P. 37(d)(3); 37(b)(2)(A)(i).

"[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault" on the part of the party." *Smith v. Conn. Dep't of Corr.*, 2016 U.S. App. LEXIS 5375, *2 (2d Cir., Mar. 21, 2016) (internal quotation marks omitted) (citing *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990)). When determining whether dismissal is warranted, the Second Circuit considers the following factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Id.* (citing *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d. 298, 202 (2d Cir. 2009)). These factors are not exclusive, and courts also consider whether the moving party was "seriously prejudiced" by the failure to participate in discovery. *Ayers v. SGS Control Servs.*, 03 Civ. 9078 (RMB), 2007 U.S. Dist. LEXIS 19634 at *44 (S.D.N.Y. Feb. 26, 2007) (citing *Shamis v. Ambassador Factors Corp.*, 34 F. Supp. 2d 879, 887 (S.D.N.Y. 1999).

## B. Dismissal of Fenton and Cox is Not Warranted under Rule 37(d)

The Court finds that the failure of Fenton and Cox to participate in discovery is not grounds for the harsh remedy of dismissal under Rule 37(d) of the Federal Rules of Civil Procedure. As an initial matter, their reasons for noncompliance—leaving the country to care for an ailing parent and undergoing chemotherapy treatment—do not demonstrate willful noncompliance, bad faith, or fault. *See, e.g., Kuang v. Genzyme Genetics Corp.*, 11 Civ. 6346 (AJN), 212 U.S. Dist. LEXIS 172273, at *24 (S.D.N.Y., Nov. 28, 2012) (plaintiff's noncompliance was willful when, *inter alia*, she repeatedly cancelled and unilaterally changed the dates and times of depositions with only last minute notice to defendant); *Jones v. King*, 10 Civ. 897 (PKC) (KNF), 2013 U.S. Dist. LEXIS 30011, *11 (S.D.N.Y. Mar. 4, 2013) (declining

to impose sanction of dismissal with prejudice where throughout the litigation "plaintiff attempted to excuse his noncompliance, citing health problems and delays caused by the attorney in his underlying criminal trial").

With respect to Cox's alleged noncompliance, Isabella does not allege that it ever noticed a deposition of Cox.[1] The motion to dismiss therefore is based only on Cox's failure to respond to written discovery interrogatories. Isabella acknowledges that "Defendant's Interrogatories … were limited to four basic questions set forth in Local Rule 33.3 of the Southern District of New York" and that "the Opt-In Plaintiffs who responded did so with boiler plate and limited responses." (Doc. No. 107 at 3.) Furthermore, Isabella does not allege what documents, if any, Cox should have produced. Plaintiffs note that the only relevant documents that the other opt-in Plaintiffs had—and produced to Isabella—"were paystubs and other work documents" that were created and maintained by Isabella. (Doc. No. 124 at 7.) Accordingly, the Court finds that Isabella has failed to demonstrate that it incurred serious prejudice, such that the extreme remedy of sanctions is appropriate. *See Ayers*, 2007 U.S. Dist. LEXIS 19634 at \*44 (finding that defendants were not unfairly prejudiced "as they were apparently satisfied with the depositions of other opt-in Plaintiffs and have not requested additional discovery").

For the same reasons, Isabella has not demonstrated that it has been seriously prejudiced by Fenton's failure to respond to its interrogatories. Unlike Cox, Isabella did suggest Fenton as one of several possible alternate deponents during the end of the discovery period. Assuming, *arguendo*, that the email that Defense counsel sent to Plaintiffs' counsel satisfies Rule 37's requirement that depositions be "proper[ly] notice[d]," *see* Fed. R. Civ. P. 37(d)(1)(a)(i), Isabella

---

[1] Isabella alleges that Cox "failed to make herself available for deposition." However, Rule 37(d) applies only when a party "fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(a)(i).

6

has not shown that any serious prejudice resulted from its inability to depose Fenton specifically. Although it argues that, collectively, Plaintiffs' failure to act diligently throughout the discovery process has caused it prejudice, it does not explain why dismissal of Fenton's claim is an appropriate remedy for Plaintiffs' alleged overall delay. Moreover, Plaintiffs complied with the Court's April 21, 2015 Order, which allowed Isabella to depose an additional ten Plaintiffs and did not order any specific Plaintiffs to be deposed. (Doc. No. 83.)

Turning to the Second Circuit's remaining factors, while Isabella argues that Fenton and Cox have had months to comply with discovery, the litigation has moved forward and discovery has concluded, notwithstanding their failures to supply documents or testimony. The Court also finds that lesser sanctions would effectively remedy any the limited prejudice caused to Isabella, such as designating particular facts—for example, the hours worked by Fenton and Cox—as established by Isabella's records.

Finally, the Court finds that Fenton and Cox have not been provided with appropriate notice that failure to participate in discovery would result in the dismissal of their claims. *See World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 160 (2d Cir. 2012) ("Parties must be given notice and an opportunity to respond before a cause of action, or potential remedy, is dismissed as a sanction for failure to comply with court orders."); *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) ("The severe sanction of dismissal with prejudice may be imposed . . . so long as a warning has been given that noncompliance can result in dismissal."); *Ayers*, 2007 U.S. Dist. LEXIS 19634 at *44 (declining to dismiss when "there is no admissible (sworn) evidence that the opt-in Plaintiffs were all notified that failure to appear for a deposition would result in dismissal with prejudice"). Isabella identifies no place in the record where the opt-in Plaintiffs were warned that their failure to respond to interrogatories or

sit for depositions could result in their dismissal from the case. The Court's Order at the April 6, 2015 telephone conference that all Plaintiffs must produce written discovery did not include a warning that failure to do so would result in dismissal. The Court's April 21, 2015 Order also did not provide such notice.

Based on the circumstances presented here, where Fenton and Cox have alleged reasons for their failure to participate in discovery that do not demonstrate willful noncompliance, Isabella has not demonstrated that it incurred serious prejudice as a result of their failures, the case has not been unduly delayed by the actions of Fenton and Cox, and they have not been warned that their cases may be dismissed for failure to participate in discovery, the Court recommends that Isabella's motion to dismiss pursuant to Rule 37(d) be denied.

### C. Only FLSA Claims Should be Dismissed under Rule 37(d)

Even if the Court were to conclude that Fenton and Cox should be dismissed from the FLSA collective action for their failure to participate in discovery, the Court should nevertheless decline to dismiss with prejudice Fenton and Cox's claims arising under New York Labor Law. Courts in the Second Circuit have found that, when dismissing the claims of unresponsive plaintiffs that have opted-in to collective FLSA actions, dismissal as unnamed class members is inappropriate. *See Ruiz v. Citibank, N.A.*, 10 Civ. 5950 (KPF)(RLE), 2014 WL 4635575 (S.D.N.Y., Aug. 19, 2014) ("[i]t would be unjust to dismiss Plaintiffs' state law claims when they fail to comply with FLSA discovery while other Plaintiffs who never opted in to FLSA and never had discovery obligations imposed upon them through FLSA are not subject to dismissal."); *Johnson v. Wave Comm GR LLC*, 6:10-CV-346 (DNH/ATB), 2013 WL 992511, at *4 (N.D.N.Y., Jan. 29, 2013), *adopted at* 2013 WL 992186 (claims of opt-in plaintiffs should be dismissed without prejudice to their future participation as class members on NYLL claims);

8

*Enriquez v. Cherry Hill Market Corp.*, CV 2010-5616 (FB) (MDG), 2012 WL 6641650, at *3 (E.D.N.Y., Oct. 22, 2012) ("opt-in plaintiffs should not be precluded from participating in a potential class action under state law" because "there is no requirement that a class member in a New York Labor Law action opt-in to a[] FLSA collective action" and "it would be unfair to treat opt-in plaintiffs differently than other employees who may have chosen not to opt-in to the FLSA action").

In the instant case, Plaintiffs' motion for certification of Plaintiffs' NYLL claims as a Rule 23 class action is pending before the Court. (Doc. No. 108.) To the extent that the Court dismisses Cox and Fenton's FLSA claims for discovery noncompliance, they should not be precluded from being included in the putative class.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that Isabella's motion to dismiss with prejudice the claims of opt-in Plaintiffs Cox and Fenton be **DENIED**. To the extent that this portion of the Report and Recommendation is not adopted, the Court recommends that their claims should be dismissed without prejudice to their participation in the putative NYLL class action.

Pursuant to Federal Rule of Civil Procedure 72, the Parties shall have fourteen days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Ronnie Abrams, 40 Foley Square, Room 2203, and to chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections in both the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn,* 746 U.S.

140, 150 (1985); *Small v. Sec'y of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(d).

**DATED: May 9, 2016**
**New York, New York**

*/s/ Ronald L. Ellis*

The Honorable Ronald L. Ellis
United States Magistrate Judge