UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**USDC-SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC#:**
**DATE FILED:** 08/02/2016

---

YUDELKA E. PEREZ, *et al.*,

                Plaintiffs,

        v.

ISABELLA GERIATRIC CENTER, INC.,

                Defendant.

No. 13-CV-7453 (RA)

ORDER ADOPTING
REPORT AND RECOMMENDATION

---

RONNIE ABRAMS, United States District Judge:

Plaintiffs in this putative collective and class action bring claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") alleging that Defendant Isabella Geriatric Center, Inc. failed to pay Plaintiffs their proper wages and overtime. Isabella moved pursuant to Rule 37(d) of the Federal Rules of Civil Procedure to dismiss the claims of two opt-in Plaintiffs—Elizabeth Fenton and Dianne Cox—for failing to comply with their discovery obligations. Dkt. 105. The Court referred Isabella's motion to Magistrate Judge Ellis, who issued a Report and Recommendation (the "Report") recommending that the motion be denied. Dkt. 144. Isabella filed timely objections to the Report, which Plaintiffs opposed. Dkt. 151, 156. For the reasons that follow, the Court adopts the well-reasoned Report. The Court assumes the parties' familiarity with the relevant facts, which the Report describes in detail. *See* Rep. at 2–4.

## STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a party objects to a magistrate judge's recommended findings, a district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which

objection is made." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.").

## DISCUSSION

"'[D]ismissal with prejudice [pursuant to Rule 37] is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault' by the non-compliant litigant." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990)). When considering a motion to dismiss for failure to comply with discovery obligations pursuant to Rule 37, courts must analyze several nonexclusive factors including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Id.* (quoting *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)). Courts have also considered whether the moving party was prejudiced by the non-compliant party's actions. *See Ayers v. SGS Control Servs. Inc.*, No. 03-CV-9077 (RMB), 2007 WL 646326, at *13 (S.D.N.Y. Feb. 27, 2007).

After balancing the four factors identified by *Agiwal* and the prejudice suffered by Isabella, the Report recommended that Isabella's motion be denied, or, in the alternative, that it be granted only as to Fenton and Cox's FLSA claims and not their NYLL claims. *See* Rep. at 9. Isabella objects that the Report erred in analyzing the first, second, and fourth *Agiwal* factors and in concluding that Isabella was not seriously prejudiced by Fenton and Cox's noncompliance. *See* Def.'s Objs. at 2–9. The Court disagrees.

2

## I.    *Agiwal* **Factors**

### A.    **The Reason for Noncompliance**

The Report concluded that Fenton and Cox's "reasons for noncompliance—leaving the country to care for an ailing parent [Fenton] and undergoing chemotherapy treatment [Cox]—do not demonstrate willful noncompliance, bad faith, or fault." Rep. at 5. To reach this conclusion, the Report relied on a sworn declaration from Plaintiffs' counsel describing telephone conversations she and others at her law firm had with Fenton and Cox. *See id.* at 3–4 (citing Dkt. 124-1 (the "Salwen Declaration")).

Isabella objects to the sufficiency of the evidence on which the Report relied. Isabella argues that the Salwen Declaration "does not provide a single shred of evidence – whether a sworn statement or a doctor's note – to substantiate its claims" and that it should not "be given the weight of a party's testimony, a party's sworn statement, or a treating physician's sworn statement." Def.'s Objs. at 6. Isabella cites no authority, however, for the proposition that it is improper to rely on facts asserted in an attorney's sworn statement when analyzing a Rule 37 motion, even when a party could attest to the same facts. Nor does Isabella present any evidence casting doubt on the information contained in the Salwen Declaration such that the Court would have to question the accuracy of Plaintiffs' counsel's representations.

Contrary to Isabella's argument, the Court may rely on the Salwen Declaration because it is a sworn statement from Plaintiffs' attorney. *See Gen. Houses v. Marloch Mfg. Corp.*, 239 F.2d 510, 512 (2d Cir. 1956) (relying on statements in attorneys' affidavits that client had no corporate officers and thus could not produce anyone to be deposed). In the absence of any evidence to the contrary, the Court credits the Salwen Declaration and agrees with the Report that Fenton and Cox did not exhibit willfulness, bad faith, or fault in failing to comply with their discovery obligations.

## B. The Efficacy of Lesser Sanctions

The Report reasoned that "lesser sanctions [than dismissal] would effectively remedy any [of] the limited prejudice caused to Isabella, such as designating particular facts—for example, the hours worked by Fenton and Cox—as established by Isabella's records." Rep. at 7. Isabella does not respond directly to the Report's conclusion, but argues nonetheless that Fenton and Cox's "disregard for the Federal Rules as well as the Court's Order[s] undermines any suggestion that lesser sanctions would motivate [them] to comply with discovery." Def.'s Objs. at 8. As Isabella acknowledges, however, "discovery has closed" and "ordering compliance with existing discovery orders would be futile" at this point. *Id.* at 8–9. The Court thus concludes that the lesser sanctions to be considered are those that would provide a remedy to Isabella in post-discovery motion practice and at trial, not those that might encourage Fenton and Cox to comply with future discovery orders. Lesser sanctions authorized by Rule 37—such as "directing that . . . designated facts be taken as established" or "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," Fed. R. Civ. P. 37(b)(2)(A)(i)–(ii)—will adequately prevent Plaintiffs from benefitting from Fenton and Cox's noncompliance. The Court accordingly agrees with the Report.

## C. Whether the Non-Compliant Party Had Been Warned

The Report found "that Fenton and Cox have not been provided with appropriate notice that failure to participate in discovery would result in the dismissal of their claims." Rep. at 7. Isabella concedes that neither this Court nor Judge Ellis ever notified Plaintiffs that dismissal could flow from Fenton and Cox's noncompliance, but argues that Plaintiffs' counsel had sufficient notice even without a court order in light of Isabella's "multiple requests to move to dismiss" Fenton and Cox's claims "as well as the Federal Rules of Civil Procedure." Def.'s Objs. at 8.

4

Rule 37, however, "contemplates some *judicial* intervention between a notice of deposition or discovery requests and the imposition of sanctions." *Amador v. Andrews*, No. 03-CV-650 (KTD), 2009 WL 3963964, at *2 (S.D.N.Y. Nov. 19, 2009) (citing *Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991)) (emphasis added). "Judicial intervention 'serves to alert the offending party to the seriousness of its noncompliance and . . . also functions as a final warning that sanctions are imminent, and specifically informs the recalcitrant party concerning its obligations.'" *Id.* (quoting *Daval Steel Prods.*, 951 F.2d at 1365). As the absence of judicial intervention in this case is undisputed, the Court agrees with the Report that Fenton and Cox did not receive adequate notice regarding the potential effects their discovery noncompliance could cause.

## II. Prejudice to Isabella

The Report determined that Isabella was not "seriously prejudiced" by Fenton and Cox's noncompliance. Rep. at 6–7. First, with regard to Fenton and Cox's failure to respond to interrogatories, the Report found that Isabella "failed to demonstrate that it incurred serious prejudice" in light of the limited nature of the questions posed, the boilerplate responses provided by other opt-in Plaintiffs, and Isabella's failure to "allege what documents, if any, [Fenton and] Cox should have produced." *Id.* at 6. Second, with regard to Fenton's failure to appear for a deposition, the Report found that, even assuming Isabella had properly noticed Fenton's deposition, it "[did] not show[] that any serious prejudice resulted from its inability to depose Fenton specifically." *Id.* at 7.

Isabella argues that it was prejudiced because discovery obtained from other opt-in Plaintiffs led Isabella to believe that "the opt-in class was not similarly situated as required by the FLSA." Def.'s Objs. at 3. To support this conclusion, Isabella cites deposition testimony from

5

other opt-in Plaintiffs. *See id.* at 3–4. Isabella also contends it was able to depose only nine of ten additional deponents authorized by Judge Ellis. *See id.* at 7.

The Court agrees with the Report's conclusion that Isabella was not so prejudiced by Fenton and Cox's discovery noncompliance that this case presents an "extreme situation[]" justifying the "harsh remedy" of dismissal with prejudice. *Agiwal*, 555 F.3d at 302 (quoting *Bobal*, 916 F.2d at 764). First, Isabella makes no showing that Fenton and Cox's failure to submit interrogatory responses resulted in any significant harm that cannot otherwise be remedied. The Court thus concludes, as the Report did, that Fenton and Cox's failure to provide such responses did not seriously prejudice Isabella's ability to defend itself in this action. Second, the Court concludes that Isabella's inability to depose Fenton does not present an "extreme situation[]." *Id.* Even recognizing that Isabella completed only nine of ten authorized depositions and assuming Fenton's deposition was properly noticed, the evidence does not establish that Fenton was the *only* remaining opt-in Plaintiff potentially available for the tenth deposition or that her testimony was likely to be especially relevant. In short, Isabella suffered only limited prejudice by Fenton and Cox's discovery noncompliance. After considering this prejudice in light of the factors identified by the Second Circuit in *Agiwal*, the Court agrees with the Report that the "harsh remedy" of dismissing Fenton and Cox's claims is not warranted under Rule 37(d). *Id.* The lesser sanction recommended by the Report is sufficient. *See* Rep. at 7 ("The Court also finds that lesser sanctions would effectively remedy any [of] the limited prejudice caused to Isabella, such as designating particular facts—for example, the hours worked by Fenton and Cox—as established by Isabella's records.").

## **CONCLUSION**

The Court adopts Magistrate Judge Ellis' Report and Recommendation in its entirety and denies Defendant Isabella Geriatric Center, Inc.'s motion to dismiss the claims of opt-in Plaintiffs Elizabeth Fenton and Dianne Cox. The Clerk of Court is respectfully directed to terminate item number 105 on the docket.

SO ORDERED.

Dated:    August 2, 2016
          New York, New York

Ronnie Abrams
United States District Judge

7