USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/4/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YUDELKA E. PEREZ, et al.,

          Plaintiffs,

    - against -

ISABELLA GERIATRIC CENTER, Inc.,

          Defendant.

REPORT AND
RECOMMENDATION

13-CV-7453 (RA) (RLE)

**TO THE HONORABLE RONNIE ABRAMS, U.S.D.J.:**

## I. INTRODUCTION

Plaintiffs Yudelka Perez ("Perez") and Maritza Cortes ("Cortes," and, collectively, "Plaintiffs") filed this lawsuit on October 22, 2013, seeking unpaid wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") against Defendant Isabella Geriatric Center, Inc. ("Isabella"). Before the Court is Plaintiffs' motion for leave to amend their Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure to specify that Plaintiffs seek compensation for unpaid time that they worked on-the-clock, as well as time worked off-the-clock, and to add a new claim under NYLL § 195(3). (Doc. No. 141.) For the reasons that follow, the Court recommends that Plaintiffs' motion be **GRANTED IN PART AND DENIED IN PART**.

## II. BACKGROUND

The Court presumes the reader's familiarity with the facts of this case, as they are set forth at length in the undersigned's Report and Recommendation on Plaintiffs' Motion for Class

Certification (Doc. No. 163 ("Class Cert. R&R").)[1] and Defendant's Motion for Decertification of the Conditional Class. (Doc. Nos. 110, 111.) On November 5, 2015, in its opposition to Plaintiffs' motion for class certification, Isabella argued that Plaintiffs' claims for "on-the-clock work" were not properly before the Court because they had not been pled in Plaintiffs' original Complaint. ( Doc. No. 123 (Def.'s Mem. of Law in Opp. to Pl.s' Mot. for Rule 23 Certification) at 11.) Although Plaintiffs contested Isabella's assertion, (*See* Doc. No. 133 (Pl.s' Reply Mem. of Law in Supp. of Mot. to Certify Class) at 4-5.), they nevertheless requested leave to file the instant motion to amend on November 16, 2015. (Doc. No. 128.) The Court granted Plaintiffs' request, and the motion was filed on April 28, 2016. (Doc. No. 141.) In the context of considering the Plaintiffs' motion for class certification, the undersigned found that Plaintiffs' "on-the-clock" claims were properly before the Court, having been pled sufficiently pursuant to Federal Rule of Civil Procedure 8(a). (Class Cert. R&R at 8.)

In support of their motion to amend, Plaintiffs assert that their Complaint, "with its details of pre and post shift work, put [Isabella] on notice of Plaintiffs' claims for compensation for unpaid work and [Isabella] therefore has been on notice that Plaintiffs' claims included on-the-clock work as well as off-the-clock work throughout the litigation." (Doc. No. 142 (Mem. of Law in Supp. of Pl.s' Mot. to Amend the Complaint) ("Pls.' Mem.") at 3.) They seek, however, to amend the Complaint to "specify that their claims for compensation for work performed before and after their shifts included claims for work performed while they were clocked in." (*Id.* at 2.) In support of their motion to add a claim under NYLL § 195(3), Plaintiffs propose adding a claim "based on Defendants failure to include all hours worked (rather than all hours

---

[1] On September 30, 2016, the Report and Recommendation was adopted by Judge Ronnie Abrams, with the exception of the recommendation that Defendant produce social security numbers and birth dates of all class members. (Doc. No. 172.)

2

compensated) on the pay statements provided to Plaintiffs," based on a recent decision from the Eastern District of New York analyzing this claim as a matter of first impression. (*Id.* at 11 (citing *Copper v. Cavalry Staffing, LLC*, 132 F. Supp. 3d 460 (E.D.N.Y. 2015)).)

Isabella opposes Plaintiffs' motion to amend, alleging that Plaintiffs' motion is untimely, that they have failed to establish good cause, and that amending the Complaint "now after the close of discovery would significantly prejudice the Defendant in defending against this claim." (Doc. No. 149 (Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion to Amend the Complaint) ("Def.'s Mem.") at 1.)

### III. DISCUSSION

#### A. Legal Standard

Generally, leave of court to amend pleadings should be freely given "when justice so requires." FED. R. CIV. P. 15(a); *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230 (2d Cir. 1995). "Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *Dluhos v. Floating and Abandoned Vessel, Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998); *see Cevasco v. National R.R. Passenger Corp.*, No. 04 Civ. 5760 (PAC) (GWG), 2007 WL 4440922, at *3 (S.D.N.Y. Dec. 18, 2007) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). Furthermore, Federal Rule of Civil Procedure 16(b) requires parties to show "good cause" before the Court will consent to the modification of scheduling order. FED. R. CIV. P. 16(b)(4). In the Second Circuit, "the amendment of a pleading as a matter of course pursuant to Rule 15(a) is subject to the district court's discretion to limit the time for amendment of the pleadings in a scheduling order issued under Rule 16(b)." *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d

Cir. 2007) (citing Fed. R. Civ. P. 16(b)(4)). "With respect to the Rule 16(b) standard, 'good cause' depends on the diligence of the moving party." (*Id.* at 243.)

### B. Plaintiffs' On-the-Clock Claims

As explained in the Class Certification Report and Recommendation, Plaintiffs' "on-the-clock" claims are already encompassed within the allegations of their original Complaint. Isabella was given notice of these claims by Plaintiffs' allegations that (1) the "regularly performed unpaid work outside their regularly scheduled shifts *and* during their unpaid meal breaks," (Compl. ¶ 22.); (2) "Defendant also failed to compensate Plaintiffs…for time they worked off-the-clock – i.e. before and/or after their regularly scheduled eight-hour shifts[,]" (*Id.* at ¶ 24.); and (3) "[Plaintiffs] were not compensated for all hours worked up to forty hours and for all overtime hours worked as required by 12 NYCRR § 142-2.2." (*Id.* ¶ 39.)

The Federal Rules "are to be construed 'to secure the just, speedy, and inexpensive determination of every action.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 1.) Accordingly, the Court declines to adopt "the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." (*Id.* at 181-82.) Although amendment, in this case, is arguably unnecessary because the "on-the-clock" claims are already adequately pled, to eliminate any confusion or doubt, the Court recommends that Plaintiffs be granted leave to amend their Complaint to include allegations that they were not paid for all time worked outside their scheduled shifts while "on the clock."

### C. Plaintiffs' NYLL § 195(3) Claims

Plaintiffs additionally seek to add a claim that Isabella violated NYLL § 195(3) when it failed "to include all hours worked (rather than all hours compensated) on the pay statements

4

provided to Plaintiffs." (Pls.' Mem. at 11.) The law requires employers to "furnish [to] each employee [] a statement with every payment of wages" listing certain enumerated information, including "the number of hours worked, and the number of overtime hours worked." N.Y. LAB. L. § 195(3) (Consol. 2016). Plaintiffs do not dispute that Isabella provided them with wage statements, but rather allege that they have come to view the statements provided as non-compliant with § 195(3) following a recent decision by Judge Block in the Eastern District of New York, that "analyzed this exact claim as a matter of first impression." (Pls.' Mem. at 11 (citing *Copper*, 132 F. Supp. 3d at 467-69).) Judge Block denied a defendant's motion to dismiss the plaintiffs' § 195(3) claim, interpreting the statute to encompass the number of hours actually worked, and not just "the number of overtime hours being compensated." *Copper*, 132 F. Supp. 3d at 468. Thus, the Copper plaintiffs, who alleged that they worked overtime hours "off the clock" had stated a claim for relief under § 195(3) where the employer's wage statement contained only the hours for which they were paid. *Id.*

Setting aside the question of whether the claim in *Copper* is the "exact claim" that Plaintiffs seek to bring here, the Court does not find that Plaintiffs have demonstrated good cause for amending the Complaint to add a claim under NYLL § 195(3). Plaintiffs cite to no support for the proposition that a claim can be added at the close of discovery simply "because it was not clear prior to this ruling" that they had a cause of action under the state statute. (Pls.' Mem. at 11.) Accordingly, the Court recommends that Plaintiffs' motion to add a new claim under NYLL § 195(3) be denied.

## IV. CONCLUSION

For the reasons stated above, the Court recommends that Plaintiffs' motion to amend the Complaint be **GRANTED** with respect to their request to specify that their claims for

compensation for work performed before and after their shifts include claims for work while they were clocked in. The Court further recommends that Plaintiffs' motion to amend be **DENIED** with respect to their request to add a claim under NYLL § 195(3).

The Parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Ronnie Abrams, 40 Foley Square, Room 2203, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections in both the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: January 4, 2017.**
**New York, New York**

                                          **Respectfully Submitted,**

                                          */s/ Ronald L. Ellis*

                                          **The Honorable Ronald L. Ellis**
                                          **United States Magistrate Judge**