```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 01/23/2017
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YUDELKA E. PEREZ, *et al.*,

           Plaintiffs,

v.

ISABELLA GERIATRIC CENTER, INC.,

           Defendant.

No. 13-CV-7453 (RA)

ORDER ADOPTING REPORT AND
RECOMMENDATION

---

RONNIE ABRAMS, United States District Judge:

Plaintiffs bring this collective and class action alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Before the Court is Plaintiffs' motion to amend the Complaint to (1) make clear that Plaintiffs' claims encompass unpaid time that Plaintiffs worked while "on-the-clock" and (2) add a new claim under NYLL § 195(3). On January 4, 2017, the Honorable Ronald L. Ellis, United States Magistrate Judge, issued a Report and Recommendation (the "Report") recommending that the Court grant Plaintiffs' motion with respect to the first proposed amendment, but deny it with respect to the second.

The deadline for filing objections was January 18, 2017. Since no party filed a timely objection to the Report, the Court reviews it for clear error. *See* Fed. R. Civ. P. 72 advisory committee notes to 1983 addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Borcsok v. Early*, 299 F. App'x 76, 77 (2d Cir. 2008) (summary order); *Belizaire v. RAV Investigative & Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 339–40 (S.D.N.Y. 2014). Having reviewed the Report for clear error and finding none, the Court adopts the well-reasoned Report in its entirety. Plaintiffs' motion is therefore granted with respect to the "on-the-clock" amendments,

but denied with respect to the addition of the NYLL § 195(3) claim. Plaintiffs shall file an Amended Complaint consistent with the Report and this Order no later than January 30, 2017. The Clerk of Court is respectfully directed to close the motion pending at Docket Number 141.

As Judge Ellis indicated in the Report, the parties' failure to timely object to the Report precludes appellate review of this decision. *See, e.g., Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated:   January 23, 2017
         New York, New York

Ronnie Abrams
United States District Judge